IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHANITA J. HAMILTON, | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:21-cv-781 |
| v. | § | |
| | § | |
| HOLIDAY INN CLUB VACATIONS | § | |
| INCORPORATED, | § | |
| *Defendant*. | | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, CHANITA J. HAMILTON, by and through her undersigned counsel, hereby files this Complaint against Defendant, HOLIDAY INN CLUB VACATIONS INCORPORATED, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("TITLE VII") and the Texas Labor Code §21.051 *et seq.* ("TCHRA").  In support of her causes of action, Plaintiff states the following:

### I.
### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, CHANITA J. HAMILTON (hereinafter referred to as "Plaintiff"), is an individual who resides in Tarrant County, Texas.

2.      Defendant, HOLIDAY INN CLUB VACATIONS INCORPORATED, is a foreign limited liability company formed and existing under the laws of the State of Delaware.

3.      This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 USC §§ 1331, 1376.

4.      Defendant, HOLIDAY INN CLUB VACATIONS INCORPORATED (hereinafter referred to as "Defendant"), has offices and conducts business in Tarrant County, Texas.  Thus, venue is proper pursuant to 28 U.S.C. § 1391.

### III.
### FACTS

5.      Plaintiff began working for Defendant in November 27, 2017 as an Inbound Vacation Sales Agent in the Marketing Call Center.

6.      Throughout Plaintiff's employment, she was a productive employee with no significant disciplinary history.

7.      Plaintiff, a female, belongs to a class protected under the TITLE VII and the TCHRA.

8.      On or about April 9, 2019, Plaintiff filed Charge No. 31A-2019-00100 ("First Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and Fort Worth Human Relations Commission.

9.      In that Charge, Plaintiff alleged discrimination on the basis of sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act.

10.     Plaintiff's immediate supervisor, Earl Ogletree ("Mr. Ogletree"), would make inappropriate, offensive and unwelcome comments to Plaintiff and other female staff member.  For example, Mr. Ogletree inappropriately commented on Plaintiff's appearance, including her breasts and buttocks, on multiple occasions.

11.     Mr. Ogletree discussed his sexual encounters during a morning staff meeting.

12.     Mr. Ogletree kept a bell on his desk that he would ring whenever a female passed his desk in order to draw attention to their looks.

13.     In early 2019, while Plaintiff was discussing her workout habits with a fellow female employee, Mr. Ogletree commented to Plaintiff, "From the look of your ass, you don't need to work out at all."

14.     Plaintiff voice her displeasure with Mr. Ogletree's conduct to other employees, including Defendant's Human Resources Department.

15.     On March 8, 2019, Plaintiff complained to Blanca Barragan from Defendant's Human Resourced Department that she felt sexually harassed by Mr. Ogletree.

16.     A few days after her complaint to Ms. Barragan, Mr. Ogletree began retaliating against Plaintiff by writing her up for alleged absenteeism and performance issues.  Before this write up, Plaintiff had never before been disciplined by Defendant.

17.     Mr. Ogletree also made efforts to seclude Plaintiff from her co-workers and team.

18.     In April of 2019, Plaintiff complained to upper management and Defendant's Human Resources Department that she felt that she was being retaliated against.

19.     Thereafter, Plaintiff was transferred to a different team, but the retaliation continued.

20.     As part of the continued retaliation against the Plaintiff, despite never having any previous disciplinary issues during her employment, Defendant began writing Plaintiff up for alleged "performance" issues.  Defendant gave Plaintiff an informal counselling on June 24, 2019; a written warning on July 2, 2019; a final warning on July 9, 2019, a written warning on November 21, 2019; a written warning on December 1, 2019; and a final warning on December 10, 2019.

21.     On December 16, 2019, Defendant's retaliation culminated when Defendant terminated Plaintiff's employment, allegedly for failing to meet certain performance metrics.

22.     Thereafter, Plaintiff filed charge number 450-2020-02068 ("Second Charge") with the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging that Defendant terminated her employment in retaliation for filing charge the Initial Charge.

23.     On April 29, 2021, the U.S. EEOC issued right to sue letters for both the Initial and Second Charges.

## IV.
## CAUSES OF ACTION

### Count 1: Title VII Sexual Harassment

24.     Plaintiff incorporates paragraphs 1-15, *supra*, into her first cause of action as if repeated verbatim.

25.     Title VII prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

26.     Defendant is an employer within the meaning of TITLE VII.

27.     Plaintiff was an employee within the meaning of TITLE VII at all times relevant to her Complaint.

28.     Plaintiff was subjected to unwelcome harassment that was based upon her sex.

29.     The harassment affected a term, condition, or privilege of Plaintiff's employment.

30.     Defendant knew or should have known of the harassment and failed to take remedial action.

31.     The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth in paragraphs 57-59, *infra*.

## Count 2: TCHRA Sexual Harassment

32.     Plaintiff incorporates paragraphs 1-15, *supra*, into her second cause of action as if repeated verbatim.

33.     The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

34.     Defendant is an employer within the meaning of the TCHRA.

35.     Plaintiff was an employee within the meaning of the TCHRA at all times relevant to her Complaint.

36.     Plaintiff was subjected to unwelcome harassment that was based upon her sex.

37.     The harassment affected a term, condition, or privilege of Plaintiff's employment.

38.     Defendant knew or should have known of the harassment and failed to take remedial action.

39.     The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth in paragraphs 57-59, *infra*.

## Count 3: TITLE VII Retaliation

40.     Plaintiff incorporates paragraphs 1-7 and 15-24, *supra*, into her third cause of action as if repeated verbatim.

41.     TITLE VII prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

42.     Defendant is an employer within the meaning of TITLE VII.

43.     Plaintiff was an employee within the meaning of TITLE VII at all times relevant to her Complaint.

44.    Plaintiff participated in an activity protected under TITLE VII when she complained to Defendant about the harassment to which she was being subjected and filed the Initial Charge.

45.    Defendant took an adverse employment action against Plaintiff because she participated in protected activity under TITLE VII.

46.    A causal connection exists between the protected activity and the adverse action.

47.    The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth in paragraphs 57-59, *infra*.

### Count 4: TCHRA Retaliation

48.    Plaintiff incorporates paragraphs 1-7 and 15-24, *supra*, into her third cause of action as if repeated verbatim.

49.    The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

50.    Defendant is an employer within the meaning of the TCHRA.

51.    Plaintiff was an employee within the meaning of TCHRA at all times relevant to her Complaint.

52.    Plaintiff participated in an activity protected under TCHRA when she complained to Defendant about the harassment to which she was being subjected and filed the Initial Charge.

53.    Defendant took an adverse employment action against Plaintiff because she participated in protected activity under the TCHRA.

54.    A causal connection exists between the protected activity and the adverse action.

55.    The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth in paragraphs 57-59, *infra*.

## V.
## DAMAGES

56.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including past and future lost income, interest on back and front pay, job search expenses, and other consequential and incidental financial damages pursuant to 42 U.S.C. § 1981a(b)(3)(A).

57.     As a result of Defendant's unlawful conduct, Plaintiff has suffered non-economic damages, including pain and suffering.

58.     Defendant's oppressive and/or reckless and malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts of discrimination in the future in the form of:

(a) Punitive damages pursuant to TITLE VII; and/or,

(b) Compensatory and punitive damages pursuant to Texas Labor Code § 21.2585.

## VI.
## ATTORNEYS' FEES

59.     A prevailing party may recover reasonable attorneys' and experts' fees under the TITLE VII and TCHRA.

60.     Plaintiff seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant.

61.     Plaintiff additionally seeks recovery of all costs associated with the prosecution of this action.

## VII.
## JURY DEMAND

62.     Plaintiff demands a trial by jury of all the issues and facts in this case.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.  The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2.  The Court award Plaintiff economic damages, as specified above;

3.  The Court award Plaintiff compensatory and/or punitive damages, as specified above;

4.  The Court award Plaintiff the equitable remedy of reinstatement or, in the alternative, front pay;

5.  The Court award Plaintiff her reasonable attorneys' and expert fees and costs;

6.  The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; and,

7.  The Court award Plaintiff any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

*/s/ Trenton Lacy*
Daniel B. Ross
State Bar No. 00789810
Trenton Lacy
State Bar No. 24106176
ROSS • SCALISE LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
Telephone: (512) 474-7677
Facsimile: (512) 474-5306
dan@rosslawgroup.com
trenton@rosslawgroup.com

Steven R. Samples
Texas Bar No. 24086348

Samples Ames PLLC
1512 Crescent Drive, Suite 119
Carrollton, Texas 75006
Phone: (214) 308-6505
Fax: (855) 605-1505

**ATTORNEYS FOR PLAINTIFF**